RODRÍGUEZ ET AL. *v.* GONZÁLEZ.

APPEAL from the District Court of Guayama.

No. 584.—Decided January 12, 1911.

APPEAL—TRANSCRIPT OF RECORD.—When in a transcript of record there appears some document which has not been duly certified, the practice should be followed of requesting the elimination thereof by means of a motion made to that effect.

ID.—In the transcript presented in the case at bar the documents constituting the judgment roll appear duly certified by the secretary of the court, but the statement of facts contained in said transcript has been certified only by appellant's attorney. *Held:* That a transcript of· record should be prepared in such a manner as to constitute a single document,· finished and complete, and not fractional, and inasmuch as the copy of the statement of facts was not certified by the secretary nor by the attorneys of both parties, in accordance with the jurisprudence of the court, it could not be considered, and the judgment should be affirmed, questions of evidence being the only grounds alleged for the appeal.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for appellants.

*Mr. Tomás Bernardini de la Huerta* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

At the hearing of this case, and not before, the appellee maintained that the judgment must be affirmed because the statement of the case was not properly certified. The better practice in this class of cases is for the appellee to move to strike out the papers not duly certified.

In the file before us there is a copy of the judgment roll and of certain motions made during the proceedings, all of them certified by the secretary of the district court and each sheet

bearing the seal of the court. Preceding these pages is the alleged statement of the case purporting to be a copy of the original statement signed by the Judge of the District Court of Guayama. None of the pages of the statement bear the seal of the court and are not certified by the secretary. On a separate page and following the page on which the certificate of the clerk is presented appears a statement of the attorney of the complainant and appellant, in which he certifies to the correctness of the statement of the case. The attorney for the appellant signs alone. In the case of *A. R. R. Co.* v. *Corte Municipal de Ponce,* decided on April 4, 1910, it was clearly decided by us that a certificate by the appellant alone did not comply with the provisions of the law. It is true we suffered pending cases to be heard by reason of our previous practice on the theory of waiver by appellant, and we likewise permitted cases to be withdrawn to allow the proper certificate to be produced, but we announced at the same time that the provision of section 302 would have to be followed in the future. In the case before us there was no attempt to make the statement of the case a part of the record proper. Furthermore, a record should not be presented piecemeal. Here is a certificate bearing date June 27 of the secretary, and another by the attorney of June 28. The record on appeal should be a single and complete document. As the only questions raised by the appellee arise from the evidence, the judgment must be affirmed.

*Affirmed.*

Justices MacLeary and del Toro concurred.

Mr. Chief Justice Hernández did not sit at the hearing of this case.